# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

———————————

No. 201800177

———————————

## UNITED STATES OF AMERICA
*Appellee*

v.

## Ethan T. GOLIGHTLY
Lance Corporal (E-3), U.S. Marine Corps
*Appellant*

———————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Lieutenant Colonel Mark D. Sameit, USMC.

For Appellant: Captain Matthew A. Blackwood, USMCR.
For Appellee: Lieutenant Jonathan Todd, JAGC, USN.

———————————

Decided 22 October 2018

———————————

Before FULTON, CRISFIELD, and HITESMAN,
*Appellate Military Judges*

———————————

**This opinion does not serve as binding precedent but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

———————————

PER CURIAM:

A military judge, sitting as a special court-martial, convicted the appellant, pursuant to his plea, of one specification of assault consummated by a battery in violation of Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928 (2016), and sentenced him to 170 days' confinement and a bad-conduct discharge. Pursuant to a pretrial agreement, the Convening Authority (CA) agreed to suspend and remit the adjudged punitive discharge if the appellant voluntarily waived administrative separation proceedings. After the appellant waived his right to an administrative separation board,

however, the CA approved the sentence as adjudged, and with the exception of the punitive discharge, ordered it executed. In his action, the CA made no reference to suspending or remitting the bad-conduct discharge.

The appellant asserts that the promulgating order fails to comply with RULE FOR COURTS-MARTIAL 1114(c), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.) because it does not correctly reflect the CA's agreement to suspend and remit the adjudged bad-conduct discharge. The government concedes the error, but contends the appellant suffered no prejudice.

We agree that there was error. Additionally, we find that the error has resulted in material prejudice to a substantial right of the appellant in that the error has denied him of a vital component of the agreement for which he bargained—the suspension and conditional remittance of his adjudged punitive discharge. "In the instant case, the convening authority's . . . action is erroneous as a matter of law because it did not provide for suspension of the bad-conduct discharge as provided in the pretrial agreement." *United States v. Cox*, 22 C.M.A. 69, 72 (1972). Therefore, since the CA failed "to take action required by a pretrial agreement," we will take action in our decretal paragraph to correct the error and provide the appellant with his bargained for benefit. *United States v. Kruse*, 75 M.J. 971, 975 (N-M. Ct. Crim. App. 2016) (citing *Cox*, 22 C.M.A. at 72).

The findings and sentence as approved by the convening authority are affirmed. To correct the error and ensure that the appellant receives the benefit of his bargain with the CA, the supplemental court-martial order shall reflect that the appellant's bad-conduct discharge is suspended until his administrative separation processing is completed and he has been discharged, at which time, unless sooner vacated, his suspended punitive discharge will be remitted without further action.

FOR THE COURT

RODGER A. DREW, JR.
Clerk of Court

2